UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DEVAN DANIEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT CLAYBORNE, et al.,<br><br>　　　　Defendants. | No.  2:22–cv–1350–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 2.) |

　　　Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted. See, e.g., Ketschau v. Byrne, 2019 WL 5266889, *1 (W.D. Wash. Oct. 17, 2019) ("A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life . . . This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance.").

　　　However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

**Legal Standards**

    i.    **Federal Notice Pleading and a Complaint's Failure to State a Claim**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."). A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996). This is because a complaint documentary evidence may be presented at a later point in the case. See Id.

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94

(2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Allegations in the Complaint**

Here, plaintiff's complaint is handwritten and difficult to understand.  Plaintiff lists as defendants nine police officers of the Stockton police department (Cleyborne, Macias, Thalen, Williams, Wright, Alaniz, Blair, Aitken, and Skaggs), Chief of Police McFadden, Stockton City Mayor Lincoln, and the City of Stockton. (ECF No. 1 at 2-4.)  Plaintiff lists as his causes of action 42 U.S.C. § 1983 and the Fourteenth Amendment, 18 U.S.C. § 242 for "Public Humiliation," and Intentional Infliction of Emotional Distress. (Id. at 5.)  Plaintiff seeks $375,500 in damages, among other relief. (Id. at 6.)  The remainder of the complaint is a winding narrative account of events alleged to have taken place between May 22, 2022, and July 14, 2022, which the court will now attempt to summarize.

On May 22, plaintiff was allegedly assaulted by an employee of a convenience store in Stockton.  Plaintiff called 911 to report the incident but left before officers arrived in order to go to the hospital.  He requested officers call or visit him to take his report, but no one called or visited that night.  Over the next week, plaintiff called the Stockton police department multiple times (allegedly between "5,000" and "10,000" times) to report the incident.  At some point, unnamed officers posted two citations on plaintiff's door.  On June 2, plaintiff relayed his account of the assault to three unnamed officers.  On June 21, Officers Blair and Aitken visited plaintiff at

3

his residence, where plaintiff told them he believed other officers violated his civil rights. Plaintiff told these officers he did not want to be disturbed, cursed at them and they left. On July 7, plaintiff encountered Officer Skaggs in a parking lot and told him he had filed a complaint against other Stockton officers. Officer Skaggs warned plaintiff to leave and indicated plaintiff may be 5150 (a code for temporary detention of a person with a mental challenge). On July 20, unnamed members of Stockton's mental health team visited plaintiff at his apartment for a welfare check, and plaintiff became upset. It is unclear what violations plaintiff alleges against the first six officers. Plaintiff alleges Officers Blair and Aitken intended to harass him on June 22 by coming to his house and triggering a mental health episode, and (it appears) Officer Skaggs and the mental health team intended to do the same during the July encounters. Plaintiff states these officers are under the control of Chief McFadden, and Mayor Lincoln was aware of these events. Plaintiff does not list any facts about the City of Stockton itself. (ECF No. 1 at 6-17.)

**Relevant Law**

Title 42 U.S.C. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). "Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–394 (1989). Thus, to state a claim for relief under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). An officer "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). The causation inquiry "must be individualized and focus on the duties and responsibilities of each

individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added).

"[L]ocal-government entities are considered 'persons' under Section 1983 and therefore may be liable for causing a constitutional deprivation." See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). However, these entities are only liable "for injuries that arise from an official policy or longstanding custom." Monell, 436 U.S. at 694. To raise a Monell claim, a plaintiff must allege facts in a complaint "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citations omitted). In addition, a plaintiff must allege facts demonstrating that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Generally speaking, claims raised under 42 U.S.C. § 1983 cannot lie against a private individual or business entity that does not act under color of state law. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).

Private citizens have no authority to bring claims under criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

In California, the elements of the tort of Intentional Infliction of Emotional Distress ("IIED") are: (1) extreme and outrageous conduct by the defendant; (2) the defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Young v. City of Visalia, 687 F. Supp. 2d 1155, 1168 (E.D. Cal. 2010) (citing Hughes v. Pair, 46 Cal.4th 1035, 1050 (2009)).

**Analysis**

Here, the complaint generally references multiple separate encounters with Stockton P.D. officers. However, plaintiff's descriptions are too general in nature, only describing in a sentence

or two each of these encounters, and plaintiff often relies on conclusory language to describe the encounters. (See, e.g., ECF No. 1 at 9:14-15, stating Officers Blair and Aitken came to plaintiff's residence "to harass, disturb, provoke, anger, irritate and send [plaintiff] into let's say mental health episode")  This is insufficient for pleading purposes. See, e.g., Pangborn v. Baudino, 2015 WL 13764940, at *6 (C.D. Cal. Dec. 29, 2015) ("Plaintiff's conclusory allegations that defendants Jarvis and Avalos grabbed plaintiff with "excessive force" and that "[n]umerous [unspecified] deput[ies]" had pinned plaintiff on the floor . . . are insufficient to state a civil rights claim under Section 1983."). To state a claim, plaintiff must allege sufficient facts as to each officer's actions at each encounter. Section 1983 allegations are incredibly fact-intensive, and so the more details plaintiff can provide in his complaint regarding each officer's actions, the easier it will be for the court and defendants to understand the nature of plaintiff's claims.

Further, the court is not sure what prong of the Fourteenth Amendment plaintiff intends to cite for his civil rights violations, or whether he intends to rely on the Fourteenth Amendment as a vehicle to allege a violation of some other civil right. (See ECF No. 1 at 5, alleging both a Fourteenth Amendment violation and a § 1983 action "under color of law"). The Fourteenth Amendment is a multi-faceted amendment containing multiple substantive provisions. Identifying the constitutional violation at issue—for each encounter—is important so that defendants are on notice for the basis of the claims against them.

From what the court can glean, the basis of plaintiff's civil rights violation concerns the failure of any Stockton P.D. officer to respond to his 911 call on May 22, 2022. However, plaintiff also states he left the scene to go to the hospital and requested officers follow up with him later. It appears the officers did so, but the complaint appears to focus on the fact that the officers visited his home instead of calling. The court has found no case indicating a civil rights violation exists because an officer does not use plaintiff's preferred method of communication. Further, the complaint appears to indicate plaintiff initiated abnormal interactions with members of the Stockton P.D., noting plaintiff called between 5-10 thousand times over the period of a week in May and indicating plaintiff was hostile with officers at each of the in-person encounters. The law of Section 1983 protects officers through qualified immunity if their conduct does not

violate some "clearly established" principle of law, and thus far plaintiff has yet to allege conduct rising to the level of a constitutional violation that might overcome qualified immunity. See Rodis v. City, Cnty. of San Francisco, 558 F.3d 964, 968–69 (9th Cir. 2009) (stating that whether "an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action," and noting that where an officer has probable cause a violation has occurred, generally qualified immunity will attach).

This is not to say plaintiff cannot state a claim against any Stockton officer. The court is aware that it may have misconstrued some of plaintiff's allegations, given the fact that he is filing this without the assistance of an attorney. Therefore, the court will provide him with an opportunity to amend his complaint, as it is not clear at this time that amendment would be futile. See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected). Plaintiff shall consider the court's citations regarding Section 1983 and constitutional violations, and file an amended complaint that focuses on the individual actions of each officer plaintiff believes are unlawful.

This is also not to say plaintiff may amend to restate everything in the complaint. The following kinds of claims and allegations will generally not proceed in federal court:

- First, plaintiff, as a private citizen, has no authority to bring claims under criminal statutes such as 18 U.S.C. § 242. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes, including 18 U.S.C. § 242).
- Second, plaintiff's allegations against Chief McFadden and Mayor Lincoln regarding their supervisory duties are conclusory at best, and so without further detail about any alleged Monell violations, these claims cannot proceed. See, e.g., Estate of Mendez v. City of Ceres, 390 F. Supp. 3d 1189, 1207 (E.D. Cal. 2019) ("Plaintiffs have only included one conclusory statement—that the Doe defendants who shot Carmen or failed to intercede 'were inadequately . . . disciplined' as a result of 'lack of proper

7

training, pursuant to policy, or the result of the lack of policy.' That one statement is not sufficient to support a claim that Defendants have adopted an unconstitutional practice or custom of inadequate discipline [for] excessive force.").

- Third, it is unclear if plaintiff is attempting to allege any claims against private citizens, but these are generally not allowed under Section 1983. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).

- Fourth, plaintiff should heed the even higher legal standards for alleging any state law tort claims such as intentional infliction of emotional distress, as the current complaint fails to meet the standards under California law. See, e.g., Tillotson v. City of San Francisco, 739 F. App'x 887, 889 (9th Cir. 2018) (intentional infliction of emotional distress claim "failed because the officers' arrest was based on probable cause").

- Fifth, detracting from the court's ability to understand the basis of plaintiff's complaint are the numerous details (omitted in the summary above) about unrelated events. (See, e.g., ECF No. 1 at 14 (describing Chief McFadden's press conferences and perspective on youth programs and violent crime). See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996) (noting that a complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like).

Without more, these five issues should be omitted from the amended complaint.

## **STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "First Amended Complaint";
ii. be limited to 10 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 10-page limit will be stricken and will not be considered part of plaintiff's operative pleading*);
iii. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against Officer X for violation of Z right; Claim II against Officers R and S for violations of Y and Z rights; etc.);
iv. under each section, list the factual allegations supporting that particular claim;
v. include his statements for jurisdiction, venue, and relief sought as is necessary;
vi. refrain from alleging redundant or irrelevant matters; and
vii. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: August 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dani.1350