UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DEVAN DANIEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT CLAYBORNE, et al.,<br><br>　　　　Defendants. | No.  2:22–cv–1350–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

　　　　Plaintiff, proceeding pro se, filed a complaint against several defendants and requested leave to proceed in forma pauperis. (See ECF Nos. 1, 2.) The court granted plaintiff's IFP request but granted plaintiff leave to amend, finding the complaint lacked sufficient facts to plausibly allege a violation of plaintiff's constitutional rights. (ECF No. 3.) Plaintiff was given 28 days to amend the complaint and was warned that failure to do so by the required deadline could result in sanctions, including "dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 5.) Despite an extension of time, plaintiff has failed to file an amended complaint by the deadline. Accordingly, the undersigned recommends dismissing this case with prejudice under Rule 41(b).[1]

///

---

[1] This case was referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636.

1

**Discussion**

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).  This court's Local Rules are in accord.  See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See Ferdik, 963 F.2d at 1260.  These are:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

///

Here, the first two factors weigh in favor of dismissal, because this case was delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense. With the passage of time, memories fade and evidence becomes stale. The fifth factor also favors dismissal because the court has already attempted less drastic alternatives. Specifically, after granting plaintiff leave to proceed without paying the filing fee, the court informed plaintiff of the complaint's deficiencies and granted leave to amend. However, plaintiff has failed to file an amended complaint, leaving the court with little alternative but to recommend dismissal. Given plaintiff's request to proceed IFP, it is unlikely that monetary sanctions would be effective.

As to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits. Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

////
////
////
////
////

the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 25, 2022

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dani.1350