UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DEVAN DANIEL, | No. 2:22–cv–1350–KJM–KJN PS |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 9, 10.) |
| ROBERT CLAYBORNE, et al., | |
| Defendants. | |

Plaintiff filed a complaint on July 29, 2022, asserting various civil rights claims against various officers and city officials in the City of Stockton.[1] (ECF No. 1.) Plaintiff also requested leave to proceed in forma pauperis, which the court granted. (ECF Nos. 2, 3.) The court screened the complaint under 28 U.S.C. § 1915, found it failed to state a claim, but found leave to amend warranted. (ECF No. 3.) Since that time, plaintiff has requested multiple extensions of time to amend his complaint, asserting significant personal health issues. (ECF Nos. 4, 7, 9.) Most recently, plaintiff asserts these issues are continuing and may take some time to resolve. (ECF No. 9.)

In the interests of justice and the court's management of its docket to conserve judicial resources, plaintiff's case is stayed. See Landis v. North American Co., 299 U.S. 248, 254-55,

---

[1] This case is referred to the undersigned under 28 U.S.C. § 636 and Local Rule 302(c)(21).

1

(1936) (noting the court's inherent authority to control its own docket and calendar). Within six months from the date of this order (or sooner if plaintiff is ready to proceed), plaintiff shall inform the court whether he intends to amend or dismiss his case without prejudice. Failure to provide a status update by this deadline may result in the court recommending leave to amend be withdrawn and plaintiff's case being dismissed. Fed. R. Civ. P. 41(b).

Further, plaintiff requests the court appoint counsel for his civil case. It is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). There are no exceptional circumstances warranting the appointment of counsel in this case, and plaintiff's claim is not unusually complex and can be reasonably prosecuted by a pro se plaintiff. Although the court is sympathetic to the difficulties faced by pro se litigants in litigating their own cases in federal court, the court has extremely limited resources to appoint attorneys in civil cases. Thus, plaintiff's motion for appointment of counsel (ECF No. 10) is DENIED.

**ORDER**

Accordingly, it is hereby ordered:

1. This case is STAYED (this resolves ECF No. 9);
2. Within six months of this order, plaintiff shall inform the court whether he intends to proceed with this action or voluntarily dismiss; and
3. Plaintiff's motion to appoint counsel (ECF No. 10) is DENIED.

Dated: December 7, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dani.1350

2