UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DEVAN DANIEL,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT CLAYBORNE,<br><br>        Defendant. | No. 2:22–cv–1350–DJC–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF Nos. 26, 28, 31.) |

Pending before the court is defendant Robert Clayborne's motion to dismiss the claims in the first amended complaint brought by plaintiff, who proceeds without counsel in this action.[1] (ECF No. 26.) Plaintiff opposes dismissal and requests a subpoena for an unspecified set of documents. (ECF No. 28.) Plaintiff also requests additional time to submit opposition, despite already having submitted an opposition brief. (ECF No. 31.)

For the reasons that follow, defendant's motion to dismiss should be GRANTED; plaintiff's motion for discovery and motion to submit a surreply should be DENIED; and this case should be CLOSED.

///

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Background**

On July 29, 2022, plaintiff filed a complaint and requested leave to proceed without prepayment of the filing fee. (ECF Nos. 1, 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). The undersigned found plaintiff's affidavit met the required financial showing, and granted his IFP request. (ECF No. 3.) However, the court found the complaint failed to state a claim against any of the eight police officers of the Stockton P.D., nor against the Stockton police chief or mayor. (Id.) Given that the issue was a lack of clarity as to what was the basis for plaintiff's claim, the undersigned provided plaintiff with standards for claims under 42 U.S.C. § 1983 and granted him leave to amend. (Id.)

Plaintiff requested an extension of time to amend, which the court granted. (ECF Nos. 4, 5.) However, after plaintiff failed to meet this extended deadline, the court recommended dismissal for failure to prosecute. (ECF No. 6.) Days after these recommendations were issued, plaintiff again requested more time to amend; the court withdrew the F&R's and granted plaintiff's next request. (ECF Nos. 7, 8.) When plaintiff requested an additional extension due to personal health issues, the court stayed the case. (ECF Nos. 9, 11.)

In May of 2023, plaintiff filed a first amended complaint, naming only one of the officers from the original complaint: Robert Clayborne. (ECF No. 14.) Plaintiff cited the Fourth and Fourteenth Amendments and alleged an assault and battery. (Id.) Given the length of delay, and given the liberal standards afforded unrepresented parties, the court ordered a summons for defendant Clayborne.[2] (ECF No. 15.) After further delay on plaintiff's part, defendant Clayborne was finally served. (ECF Nos. 16-25.) The officer now moves to dismiss. (ECF No.

---

[2] In this order, the court noted (i) plaintiff's claim against Officer Clayborne appeared to be rooted in the officer's failure to assist after plaintiff was assaulted by an unnamed third party; (ii) no discriminatory basis was identified (citing, e.g., Est. of Macias v. Ihde, 219 F.3d 1018, 1028 (9th Cir. 2000) for the proposition that there is a federal constitutional right "to have police services administered in a nondiscriminatory manner—a right that is violated when a state actor denies such protection to disfavored persons."); (iii) it appeared plaintiff was arrested after an encounter with a private citizen; (iv) service on defendant Clayborne did not preclude the officer from challenging plaintiff's complaint through a timely motion under Rule 12 or other appropriate method.

26.)

**Legal Standards**

      **i.**      **Federal Notice Pleading and a Complaint's Failure to State a Claim**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v.

CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, the first amended complaint states that on May 22, 2022, plaintiff was assaulted and battered "by [a person] who works at AM.PM gas station." Plaintiff cites the Fourth and Fourteenth Amendment to the U.S. Constitution, and seeks compensatory and punitive damages against Officer Clayborne. (See ECF No. 14.) This complaint does not remotely allege sufficient facts from which the court can draw a reasonable inference that Officer Clayborne committed a constitutional violation of some sort to support a claim under 42 U.S.C. § 1983. In fact, upon closer inspection, it does not appear that plaintiff alleges any sort of excessive force on Officer Clayborne's part, instead pinning the assault on a private citizen. These factual allegations are insufficient to state a claim against Officer Clayborne. Iqbal, 556 U.S. at 678 (holding that a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Given these facts, the claims in the first amended complaint against Officer Clayborne should be dismissed.

**Leave to Amend**

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that plaintiff would be unable to cure the above mentioned deficiencies through further amendment, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339. The court bases this recommendation in part on information provided in the original complaint as well as plaintiff's multiple, ancillary filings after the court's ordering of

the summons.  First, a review of the original complaint indicates that, despite the court's providing of standards under Section 1983 (see ECF No. 3[3]), plaintiff was unable to clarify the specific actions Officer Clayborne took on May 22, 2022.  Plaintiff alleged he was assaulted, but a review of plaintiff's filings indicates that it was not Officer Clayborne who took any act of excessive force but a private citizen.  Second, the original complaint appeared to allege facts about disparate incidents—none of which appeared cognizable.  (See ECF No. 1.)  Third, in a "notice" filed August 14, 2023, plaintiff discusses records relating to Officer Clayborne but cites a different date altogether and discusses an unnamed officer in the Special Investigation Department.  (ECF No. 23.)  This indicates Officer Clayborne may not have been involved at all in the May 2022 incident.  Fourth, plaintiff's opposition filed on October 30, 2023, indicates plaintiff's concern is that the Stockton district attorney decided not to press charges against the third party who assaulted him in May of 2022.  (ECF No. 28.)  The surreply (even though disfavored) echoes these sentiments.  (ECF No. 30.)  Fifth, Section 1983 generally does not provide for a private right of action against private citizens, so no such claim can lie against the AM.PM employee.  See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  The court has considered these facts when deciding whether to grant leave to amend, and concludes that providing plaintiff this opportunity here would be futile.  See Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137 (9th Cir. 2001) (stating that new facts in a plaintiff's opposition papers can be considered by courts in deciding whether to grant leave to amend).

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 26.) be GRANTED;

2. The action be DISMISSED WITH PREJUDICE;

3. Plaintiff's motion for discovery (ECF No. 28) and motion for extension of time (ECF

---

[3] This is not the first time plaintiff has been provided with these standards.  (See 2:08-cv-02920-WBS-JFM (PS) De Van Daniel v. Oaks, filed 12/02/08 closed 12/23/10; 2:13-cv-01752-MCE-EFB (PS) Daniel v. Delta Hawkeye Security Service, filed 08/26/13 closed 12/16/14; 2:18-cv-03018-JAM-AC (PS) Daniel v. Tassone, filed 11/20/18 closed 05/17/19; 2:18-cv-03123-KJM-AC (PS) Daniel v. Henderson, filed 12/03/18 closed 01/29/19.)

No. 31) be DENIED as MOOT; and

4. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 3, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

deva.1350